# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **MISTI PAPALIOS**, *on behalf of herself and her minor daughter A.B.*, <br><br> 4470 Saratoga Place <br> Huber Heights, OH 45424 <br><br> **PLAINTIFF**, <br><br> v. <br><br> **HUBER HEIGHTS CITY SCHOOL DISTRICT BOARD OF EDUCATION**, <br><br> 5954 Longford Road <br> Huber Heights, OH 45424 <br><br> and, <br><br> **MICHAEL GALLOWAY**, *in both his official and individual capacities*, <br><br> 5954 Longford Road <br> Huber Heights, OH 45424 <br><br> and, <br><br> **MARIO BASARO**, *in both his official and individual capacities*, <br><br> 5954 Longford Road <br> Huber Heights, OH 45424 <br><br> and, <br><br> **YVONNE EDWARDS**, *in both his official and individual capacities*, <br><br> 5954 Longford Road <br> Huber Heights, OH 45424 <br><br> and, | CASE NO. 3:23-cv-112 <br><br> DISTRICT JUDGE <br><br> MAGISTRATE JUDGE <br><br><br> **COMPLAINT WITH JURY DEMAND** |

**JUSTIN MCCOLLUM**, *in both his official and individual capacities*,

5954 Longford Road
Huber Heights, OH 45424

and,

**DERRICK WILLIAMS**, *in both his official and individual capacities*,

5954 Longford Road
Huber Heights, OH 45424

and,

**KATE LITTLE**, *in both his official and individual capacities*,

5954 Longford Road
Huber Heights, OH 45424

**DEFENDANTS.**

## I. NATURE OF THE CLAIMS

1. This is a civil action by Plaintiff Misti Papalios on behalf of herself and her minor daughter, A.B. Ms. Papalios was a teacher at Weisenborn Junior High School. Defendant Michael Galloway, one of her fellow teachers, sexually harassed Ms. Papalios's minor daughter and other minor female students at the school. For instance, he told Ms. Papalios's twelve-year-old daughter, "let's pretend I'm vanilla, and you're the caramel, why don't you come sit on top?" and "If I were to rape you, would you report it? Could I pay you off?" Ms. Papalios reported this sexual harassment of minor female students to her employer, the Huber Heights City School District, and specifically to the individually named defendants.

2. In response, Defendants gratuitously allowed Defendant Michael Galloway to resign his employment rather than firing him. Then, for some reason, they terminated their

2

investigation of him. In effect, they tried to hide the sexual misconduct from the parents. Defendant Michael Galloway then transferred to another school to continue his pedophile-like behavior before ultimately being forced to surrender his teaching license.

3. For Ms. Papalios, however, Defendants retaliated against her. On April 16, 2021, right after Defendant Michael Galloway resigned, Defendants reprimanded Ms. Papalios as "insubordinate" for reporting the sexual harassment. Defendants called it "inappropriate and disparaging conversations about other District employees." Then, as of April 19, 2021, they transferred Ms. Papalios to a less desirable position as a study hall monitor. Additionally, when Ms. Papalios's previous position from which she was transferred became vacant, and she applied for it, Defendants denied her an interview even though she was the most qualified candidate.

4. These actions violated Title IX of the Education Amendments of 1972 by (a) retaliating against Ms. Papalios for opposing sexual harassment of female students in a federally funded program; and (b) by permitting a hostile environment based upon sex for female students like Ms. Papalios' minor daughter, A.B., in a federally funded program. Furthermore, these actions violated the constitutional rights of Ms. Papalios and her minor daughter, A.B., under the Equal Protection Clause to the Fourteenth Amendment of the U.S. constitution.

5. Accordingly, Ms. Papalios now files this civil action for herself and her minor daughter. She seeks to recover for the harm they have suffered, to punish Defendants for their conduct, and to deter Defendants from ever perpetrating their conduct against any other person.

## II. JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims made under federal law because those claims constitute a civil action arising under the Constitution, laws, or treaties of the United States.

7. Pursuant to Ohio Revised Code Sections 2307.381-.385, and the Due Process Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over Defendant because it is a resident of, and has continuous and systematic contacts with, the State of Ohio.

8. Pursuant to 28 U.S.C. § 1391, this Court is the appropriate venue because the Southern District of Ohio is the judicial district in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

9. Pursuant to Rule 82.1 of the Local Civil Rules of the United States District Court for the Southern District of Ohio, the Western Division at Dayton is the appropriate division because it serves the counties in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

### III. PARTIES

10. Plaintiff Misti Papalios ("Plaintiff" or "Ms. Papalios") is a natural person who is a resident of Montgomery County, Ohio. Defendant Huber Heights City School District Board of Education employed Ms. Papalios from August 11, 2017, up until the present at the Weisenborn Junior High School.

11. Defendant Huber Heights City School District Board of Education ("Defendant Board of Education") is a public school district located in Montgomery County, Ohio.

12. Defendant Michael Galloway ("Defendant Galloway") is a natural person who, upon information or belief, is a resident of Montgomery County, Ohio. At all relevant times, the Board employed Defendant Galloway as a teacher at Weisenborn Junior High School.

13. Defendant Mario Basaro ("Defendant Basaro") is a natural person who, upon information or belief, is a resident of Montgomery County, Ohio. At all relevant times, the Board employed Defendant Basaro as the superintendent of the school district.

14. Defendant Yvonne Edwards ("Defendant Edwards") is a natural person who, upon information or belief, is a resident of Montgomery County, Ohio. At all relevant times, the Board employed Defendant Edwards as the principal of Weisenborn Junior High School.

15. Defendant Justin McCollum ("Defendant McColluem") is a natural person who, upon information or belief, is a resident of Montgomery County, Ohio. At all relevant times, the Board employed Defendant McCollum as the assistant principal of Weisenborn Junior High School.

16. Defendant Derrick Williams ("Defendant Williams") is a natural person who, upon information or belief, is a resident of Montgomery County, Ohio. At all relevant times, the Board employed Defendant Williams as the Director of Human Resources and Title IX Compliance Officer.

17. Defendant Kate Little ("Defendant Little") is a natural person who, upon information or belief, is a resident of Montgomery County, Ohio. At all relevant times, the Board employed Defendant Williams as the Director of Special Education and Title IX Compliance Officer.

## IV. FACTS

18. On August 11, 2017, Defendant hired Ms. Papalios as an ED Unit Paraprofessional. Ms. Papalios began her employment at Weisenborn Junior High in the behavioral unit, which required her to have special training.

19. Defendant Galloway also worked as a teacher at the same junior high school.

20. On April 1, 2021, Ms. Papalios reported Defendant Galloway's behavior after he bragged about following female students into the restroom without reasonable cause.

21. On April 2, 2021, Ms. Papalios filed a complaint against Defendant Galloway on behalf of her daughter, who was a twelve-year-old student. Her allegations detailed Defendant Galloway's inappropriate conversations concerning her daughter's dating status and her daughter's body. She submitted the complaint to Defendants.

22. Notably, Mr. Galloway made the following comments to Ms. Papalios' daughter:

   a. "Let's pretend I'm vanilla, and you're the caramel, why don't you come sit on top?"

   b. "If I were to rape you, would you report it? Could I pay you off?"

23. On April 16, 2021, Defendants Basaro, Edwards, McCollum, Williams, and Little issued Ms. Papalios a disciplinary letter for insubordination for failing to abide by the administration's directive to refrain from gossiping in the workplace and engaging in disparaging conversations about another employee; specifically, Defendant Galloway.

24. On April 19, 2021, Basaro, Edwards, McCollum, Williams, and Little transferred Ms. Papalios to a Study Hall Monitor Paraprofessional. This position was less desirable than her former position.

25. On April 19, 2021, Ms. Papalios reapplied for her previous position in the ED Unit after Defendant posted it in the "All District Staff" Google Group that same day. Ms. Papalios was the only applicant in the district for this position.

26. Ms. Papalios contacted Defendant Williams, the District Compliance Officer, to discuss her application. However, Defendant Williams trashed her letter of intent and told her

that she could not get her position back. He acted at the direction of Defendants Basaro, Edwards, McCollum, and Little.

27. On June 2, 2021, Defendant suspended Ms. Papalios for one day for failing to inform the administration about a student bringing a weapon to school.

28. On June 7, 2021, Mr. McCollum evaluated Ms. Papalios' work performance. In the evaluation, Defendant McCollum recorded low scores and included the need "to improve the tendency to voice negative against staff and students" and "collaborate with staff more effectively." These comments referred to Ms. Papalios reporting the sexual harassment by Defendant Galloway.

29. All these actions that followed Ms. Papalios reporting Defendant Galloway—the discipline, the transfer, and the refusal to consider her application to transfer back to her old position—were in retaliation for Ms. Papalios opposing Defendant Galloway's sexual harassment of minor female students.

## V. CLAIMS FOR RELIEF

### COUNT I

**Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681**
**(Retaliation – Discipline, Transfer, Denial of Transfer)**

**By Plaintiff Against Defendant Board of Education**

30. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

31. Plaintiff was at all relevant times a "person" within the meaning of 20 U.S.C. § 1681(a).

32. Defendant Board of Education was at all relevant times an "educational institution" within the meaning of 20 U.S.C. § 1681(c).

33. Defendant Board of Education was at all relevant times a recipient of "Federal financial assistance" within the meaning of 20 U.S.C. § 1681(a).

34. Defendant Board of Education violated 20 U.S.C. § 1681(a) when it disciplined Plaintiff, transferred Plaintiff to a less desirable position, and refused to allow Plaintiff to apply for or transfer back to previous position that was more desirable.

35. As a proximate result of Defendant Board of Education's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

36. Consistent with 42 U.S.C. § 1988(b), Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count I.

**COUNT II**

**Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681
(Sexually Hostile Educational Environment)**

**By Plaintiff, on Behalf of Her Minor Daughter A.B.,
Against Defendant Board of Education**

37. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

38. Plaintiff's minor daughter, A.B., was at all relevant times a "person" within the meaning of 20 U.S.C. § 1681(a).

39. Defendant Board of Education was at all relevant times an "educational institution" within the meaning of 20 U.S.C. § 1681(c).

40. Defendant Board of Education was at all relevant times a recipient of "Federal financial assistance" within the meaning of 20 U.S.C. § 1681(a).

41. Defendant Board of Education violated 20 U.S.C. § 1681(a) when it permitted a sexually hostile educational environment of Plaintiff's minor daughter, A.B.

42. As a proximate result of Defendant Board of Education's actions, Plaintiff's minor daughter, A.B., has been and continues to be damaged in an amount to be determined at trial.

43. Consistent with 42 U.S.C. § 1988(b), Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count II.

## COUNT III

**Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983**
**Equal Protection Clause of the Fourteenth Amendment to the United States Constitution**
**(Retaliation For Opposing Sex Discrimination – Discipline, Transfer, Denial of Transfer)**

**By Plaintiff Against Defendants Basaro, Edwards, McCollum, Williams, and Little**

44. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

45. Plaintiff was at all relevant times a "citizen of the United States or other person within the jurisdiction thereof" within the meaning of 42 U.S.C. § 1983.

46. Defendants Basaro, Edwards, McCollum, Williams, and Little were, at all relevant times, "person[s]" within the meaning of 42 U.S.C. § 1983 because they are sued for prospective injunctive relief in their official capacities and for money damages in their individual capacities.

47. Defendants Basaro, Edwards, McCollum, Williams, and Little acted under color of a statute, ordinance, regulation, custom, or usage of the State of Ohio and deprived Plaintiff of her rights, privileges, or immunities secured by the federal Constitution or federal law when they disciplined Plaintiff, transferred Plaintiff to a less desirable position, and refused to allow Plaintiff to apply for or transfer back to previous position that was more desirable.

48. As a proximate result of Defendants Basaro, Edwards, McCollum, Williams, and Little's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

49. Plaintiff is entitled to punitive damages because Basaro, Edwards, McCollum, Williams, and Little were motivated by evil motive or intent or acted with reckless or callous indifference to Plaintiff's federally protected rights.

50. Consistent with 42 U.S.C. § 1988, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count III.

## COUNT IV

**Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983**
**Equal Protection Clause of the Fourteenth Amendment to the United States Constitution**
**(Sexually Hostile Educational Environment)**

**By Plaintiff, on Behalf of Her Minor Daughter A.B., Against**
**Defendants Galloway, Basaro, Edwards, McCollum, Williams, and Little**

51. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

52. Plaintiff's minor daughter, A.B., was at all relevant times a "citizen of the United States or other person within the jurisdiction thereof" within the meaning of 42 U.S.C. § 1983.

53. Defendants Galloway, Basaro, Edwards, McCollum, Williams, and Little were, at all relevant times, "person[s]" within the meaning of 42 U.S.C. § 1983 because they are sued for prospective injunctive relief in their official capacities and for money damages in their individual capacities.

54. Defendants Galloway, Basaro, Edwards, McCollum, Williams, and Little acted under color of a statute, ordinance, regulation, custom, or usage of the State of Ohio and deprived Plaintiff of her rights, privileges, or immunities secured by the federal Constitution or

federal law when they permitted a sexually hostile educational environment of Plaintiff's minor daughter, A.B.

55. As a proximate result of Defendants Galloway, Basaro, Edwards, McCollum, Williams, and Little's actions, Plaintiff's minor daughter, A.B., has been and continues to be damaged in an amount to be determined at trial.

56. Plaintiff's minor daughter, A.B., is entitled to punitive damages because Defendants Galloway, Basaro, Edwards, McCollum, Williams, and Little were motivated by evil motive or intent or acted with reckless or callous indifference to A.B.'s federally protected rights.

57. Consistent with 42 U.S.C. § 1988, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count IV.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in her favor on all claims in this Complaint and requests the following relief:

A. Economic compensatory damages in an amount to be determined at trial;

B. Non-economic compensatory damages in an amount to be determined at trial;

C. Liquidated, treble, punitive, or other exemplary damages in an amount to be determined at trial;

D. Reinstatement or, in the alternative, front pay in an amount to be determined;

E. Reasonable attorneys' fees incurred in pursuing the claims against Defendant;

F. All costs and expenses incurred in pursuing the claims against Defendant;

G. Pre- and post-judgment interest; and

H.  All other legal and equitable relief this Court and/or a jury determines is appropriate.

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all claims and issues that are triable.

Respectfully submitted,

By: /s/ Jason E. Starling
Jason E. Starling (Ohio Bar No. 0082619)
Jessica R. Doogan (Ohio Bar No. 0092105)
WILLIS SPANGLER STARLING
4635 Trueman Boulevard, Suite 100
Hilliard, Ohio 43026
Telephone: (614) 586-7915
Facsimile: (614) 586-7901
jstarling@willisattorneys.com
jdoogan@willisattorneys.com

*Attorneys for Plaintiff Misti Papalios*